IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

FADDIS SANDERS, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION 10-0091-M
:
MICHAEL J. ASTRUE, :
Commission of Social Security, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12-13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19). Oral argument has been waived in this action (Doc. 18). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** to the Social Security Administration for further procedures not inconsistent

with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-one years old, had completed a tenth-grade education (Tr. 23), and had previous work experience, performing various jobs in the logging business (Tr. 30). In claiming benefits, Plaintiff alleges disability due to pain resulting from a thoracic spine fracture and thoraco-abdominal aneurysm as well as mild mental retardation (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on April 18, 2007 (*see* Tr. 9). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who

determined that although Sanders could not return to his past relevant work, he was capable of performed several jobs falling within the sedentary work classification (Tr. 6-18). Plaintiff requested review of the hearing decision (Tr. 4-5) by the Appeals Council, but it was denied (Tr. 1-3).

Sanders claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Plaintiff alleges that: (1) he meets the requirements of Listing 12.05C; (2) the ALJ improperly rejected the opinion of an examining psychologist; and (3) he can not perform sedentary work (Doc. 12). Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff claims that he meets the requirements of Listing 12.05C.[1] The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2009). Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and

---

[1] Because the Court finds that Plaintiff's first claim has merit, it will be unnecessary to discuss his other two claims.

a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2009).

The evidence demonstrates that Sanders was examined by Psychologist Donald W. Blanton on February 18, 2009 (Tr. 287-90).  Blanton administered the WAIS-IV on which Plaintiff scored a Full Scale IQ score of 61 (Tr. 289).  The Psychologist indicated that this meant that Sanders was mildly mentally retarded.  Blanton went on to express his opinion that Plaintiff had multiple marked limitations that would interfere with his ability to work.

In the written determination, the ALJ noted the WAIS-IV scores which placed him "in the mild range of mental retardation" (Tr. 12; *see also* Tr. 15).  The ALJ went on to characterize Sanders's mental impairment as non-severe (Tr. 12).  The ALJ did find that Plaintiff had severe impairments of a thoracic spine compression fracture and a thoraco-abdominal aneurysm (Tr. 11).

The Court notes that the IQ test scores and the ALJ's findings that Sanders has severe impairments seem to indicate that Plaintiff meets the minimum requirements of Listing 12.05C. However, the ALJ did not discuss the possibility.

In its brief, Defendant has provided various arguments as to why this Court need not find error in the ALJ's decision (Doc. 14, pp. 4-6). While it would be easy to accept the explanations proffered as those of the ALJ, the ALJ did not offer them. The Court does not know whether the ALJ considered whether Sanders met the Listing because it was not addressed. Therefore, the Court finds that the decision is not supported by substantial evidence.

Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's mild mental retardation. Judgment will be entered by separate Order.

DONE this 5th day of August, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE